

# In re J. M. R.

[505 A.2d 662]

No. 84-453

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed December 6, 1985

*J. Stephen Monahan*, Assistant Attorney General, Waterbury, for Plaintiff-Appellee.

*O. Whitman Smith*, Burlington, for Defendant-Appellant.

**Per Curiam.** The issue we address is whether the trial court's findings can support an order for continued involuntary treatment on a nonhospitalized basis. We hold that they cannot and remand for further proceedings in accordance with this opinion.

On December 8, 1983, the parties stipulated that J.M.R., appellant herein, was "a patient in need of further treatment," as defined by 18 V.S.A. § 7101(16), and they agreed to the issuance of an order for involuntary treatment in a noninstitutional environment. Pursuant to this order, the Northeast Kingdom Mental Health Services drafted an initial treatment plan under which appellant was to reside at his mother's home. The treatment plan

was later revised in response to reports of appellant's increased use of alcohol and abusive conduct directed toward his mother.

On May 21, 1984, the Department of Mental Health sought to have the order of nonhospitalization revoked for noncompliance with the conditions imposed under the revised order. The court conducted a noncompliance hearing pursuant to 18 V.S.A. § 7621(d), and, on July 23, 1984, issued an order (1) denying the Department's request for commitment, and (2) continuing involuntary treatment on a nonhospitalized basis for an indeterminate period. On appeal, J.M.R. challenges the underlying basis for the continued involuntary treatment order and the constitutionality of indeterminate orders in general.

■ In order for the state to subject a patient to continued involuntary treatment under 18 V.S.A. § 7621, the court must find that he is a person in need of further treatment. A person in need of further treatment means:

> (A) A person in need of treatment, or
>
> (B) A patient who is receiving adequate treatment, and who, if such treatment is discontinued, presents a substantial probability that in the near future his condition will deteriorate and he will become a person in need of treatment.

18 V.S.A. § 7101(16). A person in need of treatment means:

> a person who is suffering from mental illness and, as a result of that mental illness, his capacity to exercise self-control, judgment, or discretion in the conduct of his affairs and social relations is so lessened that he poses a danger of harm to himself or others.

18 V.S.A. § 7101(17).

■ The court in this case found that J.M.R. was still mentally ill, and it concluded that he could be treated on a nonhospitalized basis. The court also found, however, that J.M.R. was "not generally dangerous to himself or others." This finding negates the state's authority to subject J.M.R. to an involuntary treatment order under 18 V.S.A. § 7101(17), and it significantly undermines the state's authority under 18 V.S.A. § 7101(16). As there is no affirmative finding that J.M.R. is *not* a patient in need of further treatment, a discharge order is inappropriate. See 18 V.S.A. § 7621(e) (if the court finds patient "is not a patient in need of further treatment, it shall order the patient discharged"). On the

other hand, the court nowhere specifically found that, if J.M.R.'s treatment plan was discontinued, his condition would deteriorate and he would pose a danger to himself or others. Consequently, there is no finding that J.M.R. is a patient in need of further treatment to support the court's continued involuntary treatment order. Since the matter must be remanded for a new hearing, we do not reach the constitutional issue concerning indeterminate orders.

*Reversed and remanded.*